# WHEELING.

## ADAMSON v. PEERCE ET AL.

July 21, 1876.

Chapter one hundred and thirty-five, section one, Code (1868) permits any one of the parties to a controversy, to appeal, or have a writ of error, or *supersedeas* in such cases as are designated by the statute, without prejudice to those who were not made party to the appeal, writ of error or *supersedeas*; and that, notwithstanding one defendant took an appeal, writ of error, or *supersedeas*, under the statute, and was deemed to have abandoned it, it does not militate the right of, or conclude either of the other defendants who were not party to the appellate proceedings, from prosecuting an appeal, writ of error, or *supersedeas* in the same matter, within the time prescribed by statute.

1876.
June Term.

On the motion to dismiss the appeal in this case, the opinion of the court was as follows:

MOORE, Judge.

The Code of Virginia, 1860, Chap. 182, Sec. 26, declared that "no process shall issue upon any appeal, writ of error, or *supersedeas*, allowed to, or from, a final judgment, decree, or order, if, when the record is delivered to the clerk of the appellate court, there shall have elapsed five years since the date of such final judgment, decree, or order; but the appeal, writ of error, or *supersedeas*, shall be dismissed whenever it appears that five years have elapsed since the said date before the record is delivered to such clerk, or before such bond is given,

31

as is required to be given before the appeal, writ of error, or *supersedeas*, takes effect." And section twenty-seven of same chapter, declared: "After the dismission of an appeal, writ of error, or *supersedeas*, no other appeal, writ of error, or *supersedeas*, shall be allowed to, or from, the same judgment, decree, or order." Similar provisions existed in the codes of 1849 and 1819, and continued to be the law of this State until the code of 1868, Chap. 135, S. 12, which provided that no case should be entered on the appellate court docket, " unless the record thereof is filed with the clerk of such court within five years next after the date of the judgment, decree, or order appealed from. Provided, further, that if the appellant fail to file such record with the clerk before the commencement of the second term of the Supreme Court of Appeals, held next after the appeal is perfected, he shall be deemed to have abandoned his appeal, unless such court, for good cause shown, allow the same to be proceeded with." The last clause, just quoted, was amended by an act, passed February 28, 1871, (Acts 1871, Chap. 162,) by substituting *"six months"* for the expression of " *second term*," and by adding: " But no appeal, now pending, shall be dismissed because the record was not filed in time."

The phraseology, in this changed legislation, is so marked as to leave no doubt as to the will and intention of the law-makers.

In the former legislation, it was an absolute and final dismission, but, in the latter, it is simply a *non-suit*, in effect, when the appellant fails to file his record within the time prescribed by the statute, after his appeal is perfected.

. The appellee in this case argues, that this appeal, now before the Court upon his motion for dismissal, is " irregular and void," because of a former appeal taken by John T. Peerce, a co-defendant of the appellant, Fairfax.

I think a fair interpretation of the first section of chapter 135, code 1868, permits any one of the parties to

a controversy to appeal, or have a writ of error or *super-sedeas*, in such cases as are designated by the statute, without prejudice to those who were not made party to the appeal, writ of error, or *supersedeas;* and that, notwithstanding one defendant took an appeal, writ of error, or *supersedeas*, and, under the statute, was deemed to have abandoned it, it does not militate the right of, or conclude, either of the other defendants, who were not party to the appellate proceedings, from prosecuting an appeal, writ of error, or *supersedeas*, in the same matter within the time prescribed by statute. Otherwise, one party might, through his negligence, or wilfulness, in the prosecution of an appeal, writ of error, or *supersedeas*, ruin the rights of others not party to the appellate proceeings. Therefore, I am of opinion that no party to a cause should be precluded from the right of appeal by the negligence, or, it may be, fraud, of his co-party who attempts to take an appeal, but fails to perfect it, especially where such party has no notice, either actual or constructive, of the attempted appeal of his co-party.

In this case, the undertaking was filed with the clerk, by the defendant, Peerce, after the expiration of the term of the court at which the judgment was rendered ; and it does not appear that the present appellant had knowledge or notice of the filing of said undertaking ; and as he had five years within which to appeal, given to him by the law, to deny him that right now, would be to preclude him from his legal rights.

The motion to dismiss the the appeal should, therefore, be overruled.